NO. 07-06-0200-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

OCTOBER 18, 2007

_____

JOHN AARON MENDOZA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 287TH DISTRICT COURT OF BAILEY COUNTY;

NO. 2387; HONORABLE GORDON H. GREEN, JUDGE

_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**MEMORANDUM OPINION**

Following a plea of not guilty, Appellant, John Aaron Mendoza, was convicted by a jury of unlawful restraint. Punishment was assessed by the trial court at confinement in the county jail for one year. By one issue, Appellant challenges the legal and factual sufficiency of the evidence to support his conviction. We affirm.

Appellant and the complainant, Milagros Janet Reyes, had an on-again and off-again romantic relationship beginning in October 2004. Appellant was the father of one of complainant's classmates and was much older than complainant's twenty years. At the time of the incident giving rise to the underlying trial, complainant had a ten month old son. According to her testimony, she was not sure if Appellant was the baby's father. On the evening of November 5, 2005, Appellant called complainant to arrange for visitation of the baby. Initially, she said no, but after repeated phone calls into the early morning hours of November 6, she agreed to meet. Complainant was staying at a girlfriend's house and in an effort to prevent Appellant from discovering her address, she made arrangements for Appellant to pick her up one block from her friend's house. At approximately 3:30 a.m., with a car seat, extra diapers, and food for the baby in hand, the complainant took the baby and walked from her friend's house to the pre-arranged meeting place. After picking up the complainant and her baby, Appellant drove to a local convenience store to buy gas and get a cup of coffee. According to complainant, without her permission, Appellant then took her from Muleshoe to Littlefield, approximately forty miles away, where they checked into a motel. Complainant asserted her Fifth Amendment privilege against self-incrimination when asked who drove to Littlefield from Muleshoe. While at the motel, Appellant and complainant fought and Appellant threatened to choke her. Complainant testified that Appellant took her cell phone and would not let her make calls. They also engaged in sexual relations, and when complainant was asked at trial if it was consensual, she again

2

asserted the Fifth Amendment.[1] Approximately five hours later, Appellant drove complainant and her baby back to Muleshoe and, at complainant's request, dropped her off at her Aunt Jessica's house. Complainant testified that she did not want to go home and felt more comfortable at her aunt's house. She slept, and the following day, went to the Muleshoe Police Department to file a complaint against Appellant. A few days thereafter, she also gave a statement to the Littlefield Police Department.

Complainant had bruises, scratches, a busted lip, and numerous bite marks, which she referred to as "hickeys," which were photographed by law enforcement. Officer Cassie Crandell testified that when she interviewed complainant, she was crying. She gave complainant information on victim's rights and also gave her paperwork to pursue a protective order.

Appellant was charged with aggravated kidnapping. The court's charge included the lesser offenses of kidnapping and unlawful restraint. The jury found Appellant not guilty of the higher offenses, but guilty of unlawful restraint. Appellant contends the evidence is legally and factually insufficient to support his conviction.

When both the legal and factual sufficiency of the evidence are challenged, we must first determine whether the evidence is legally sufficient to support the verdict. *Clewis v. State*, 922 S.W.2d 126, 133 (Tex.Crim.App. 1996). It is a fundamental rule of criminal law

---

[1]When complainant was called to testify for the defense, she admitted the sexual relations on November 6th were consensual.

that one cannot be convicted of a crime unless it is shown beyond a reasonable doubt that the defendant committed each element of the alleged offense. U.S. Const. amend. XIV; Tex. Code Crim. Proc. Ann. art. 38.03 (Vernon Supp. 2006); Tex. Penal Code Ann. § 2.01 (Vernon 2003).

Evidence is legally insufficient if, when viewed in a light most favorable to the prosecution, a rational trier of fact could not have found each element of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979); *Hooper v.* State, 214 S.W.3d 9, 13 (Tex.Crim.App. 2007). This standard is the same in both direct and circumstantial evidence cases. *Id.* In measuring the legal sufficiency of the evidence to sustain a conviction, we measure the elements of the offense as defined by a hypothetically correct jury charge. *Malik v. State*, 953 S.W.2d 234, 240 (Tex.Crim.App. 1997). This is done by considering all the evidence that was before the jury—whether proper or improper—so that we can make an assessment from the jury's perspective. *Miles v. State*, 918 S.W.2d 511, 512 (Tex.Crim.App. 1996). As an appellate court, we may not sit as a thirteenth juror, but must uphold the jury's verdict unless it is irrational or unsupported by more than a "mere modicum" of evidence. *Moreno v. State*, 755 S.W.2d 866, 867 (Tex.Crim.App. 1988).

After conducting a legal sufficiency review under *Jackson*, we may proceed with a factual sufficiency review. *Clewis*, 922 S.W.2d at 133. When conducting a factual sufficiency review, we examine all the evidence in a neutral light and determine whether

4

the jury was rationally justified in finding guilt beyond a reasonable doubt. *Zuniga v. State*, 144 S.W.3d 477, 484 (Tex.Crim.App. 2004), *overruled in part by Watson v. State*, 204 S.W.3d 404, 415-17 (Tex.Crim.App. 2006). We cannot reverse a conviction unless we find some objective basis in the record that demonstrates that the great weight and preponderance of the evidence contradicts the jury's verdict. *Watson*, 204 S.W.3d at 417. In other words, we cannot conclude that Appellant's conviction is "clearly wrong" or "manifestly unjust" simply because we disagree with the jury's verdict. *Id.*; *Cain v. State*, 958 S.W.2d 404, 407 (Tex.Crim.App. 1997). Additionally, as directed by the Texas Court of Criminal Appeals, we must consider the most important evidence that Appellant claims undermines the jury's verdict. *Sims v. State*, 99 S.W.3d 600, 603 (Tex.Crim.App. 2003). We are to consider all evidence in a neutral light when conducting a factual sufficiency review; however, we are not required to discuss all evidence admitted at trial. *See id. See also Roberts v. State*, 221 S.W.3d 659, 665 (Tex.Crim.App. 2007).

The jury is the exclusive judge of the facts. Tex. Code Crim. Proc. Ann. art. 36.13 & 38.04 (Vernon 2007). As a reviewing court, we must always remain cognizant of the jury's role and unique position in evaluating credibility and demeanor of witnesses and giving weight to contradictory testimonial evidence. *Johnson v. State*, 23 S.W.3d 1, 8-9 (Tex.Crim.App. 2000). Reconciliation of conflicts in the evidence is within the exclusive province of the jury. *Margraves v. State*, 34 S.W.3d 912, 919 (Tex.Crim.App. 2000). Unless the record clearly demonstrates a different result is appropriate, we must defer to the jury's determination. *Johnson*, 23 S.W.3d at 8.

Before determining whether the evidence is legally sufficient to support Appellant's conviction, we must review the essential elements the State was required to prove. A person is guilty of unlawful restraint if he intentionally or knowingly restrains another person. Tex. Penal Code Ann. § 20.02(a) (Vernon 2003). "Restrain" means to restrict a person's movements without consent, so as to interfere substantially with the person's liberty, by moving the person from one place to another or by confining the person. § 20.01(1). Restraint is "without consent" if it is accomplished by force, intimidation, or deception. § 20.01(1)(A).

Initially, we note that Muleshoe is in Bailey County, and Littlefield is in Lamb County. Complainant and her baby were picked up by Appellant in Bailey County and driven to Lamb County, then returned to Bailey County.

Appellant contends there is no evidence that he restricted complainant's movement without her consent in Bailey County. We disagree. According to complainant, Appellant led her to believe that he wanted to meet with her so he could have visitation with her baby. Appellant picked her and the baby up in Muleshoe, Bailey County, and then moved her to Littlefield, Lamb County. She testified that had she known Appellant intended to take her to Littlefield, she might not have gotten in his vehicle. She further testified that she told law enforcement that Appellant did not have permission to take her to Littlefield. From this evidence we conclude that a rational trier of fact could have found each element of the offense beyond a reasonable doubt. Accordingly, the evidence is legally sufficient to

6

establish that Appellant substantially interfered with complainant's liberty by moving her from Muleshoe to Littlefield. We further find that the evidence is legally sufficient to establish that said restriction of complainant's movement was without consent because it was accomplished by deception, to-wit: Appellant deceived her into thinking that his visitation with the baby would occur in Muleshoe. That portion of Appellant's issue challenging the legal sufficiency of the evidence is overruled.

Appellant maintains that from a factual sufficiency standpoint, the evidence is "woefully inadequate." He argues that complainant had several opportunities to leave and that her preparation for their meeting, *i.e.*, car seat, baby food, indicated her intent to travel with him. The fact that the complainant may have had an opportunity to leave or that she had prepared for Appellant's visitation with the baby is not an affirmative defense to the offense of unlawful restraint. The offense was complete the moment Appellant intentionally or knowingly moved the complainant from Muleshoe without her consent.

When recalled by the State, complainant was treated as a hostile, recanting witness. She testified she was taken to Littlefield without her consent. Once at the motel, she claimed that she and Appellant argued and fought, he threatened to choke her, and would not return her cell phone. Another guest of the motel, who was staying in the room next door, testified that he heard a woman and baby screaming for hours.

Complainant asserted her Fifth Amendment right against self-incrimination several times when asked who drove to Littlefield. She admitted that once in Littlefield, she was

7

behind the wheel of the vehicle while Appellant checked into the motel. The motel owner testified that complainant was behind the wheel of the vehicle while Appellant checked in and that she drove the vehicle to the parking space while Appellant walked to the room. Complainant acknowledged that she had an opportunity to leave while Appellant was completing paperwork in the motel office. However, although she was not afraid of Appellant, she worried that had she left in his vehicle, he might have reported her for theft. She also testified she did not leave the motel on foot because she had no friends in Littlefield. Additionally, it would not have been practical for complainant to walk in the cold with her baby.

Complainant also testified for the defense. She admitted it was not unusual for her and Appellant to take trips to the motel in Littlefield. When cross-examined about her previous testimony that she did not want to go to Littlefield, complainant asserted the Fifth Amendment. As a witness for the prosecution, she testified that during the investigation, she met with Appellant's attorney and prosecutors to find out how to stop Appellant's prosecution. She had executed an affidavit of non-prosecution and had also retained her own counsel. While testifying for the defense, however, she asserted the Fifth Amendment when asked if it was clear from her testimony that she did not want Appellant to go to jail.

Mindful of the jury's function in evaluating complainant's credibility and demeanor and in giving weight to her testimony, we cannot conclude that the great weight and preponderance of the evidence contradicts the jury's verdict or that Appellant's conviction

8

is "clearly wrong" or "manifestly unjust."  That portion of Appellant's issue challenging the factual sufficiency of the evidence is overruled.

Consequently, the trial court's judgment is affirmed.

Patrick A. Pirtle
Justice

Do not publish.